# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIMOTHY LEE HENRY

                Plaintiff,

  v.

B. WREGGLESWORTH

                Defendant.

Case No. 3:13-cv-00208-SLG

## ORDER RE SUMMARY JUDGMENT

Before the Court at Docket 36 is Mr. Wregglesworth's Motion for Summary Judgment, filed January 5, 2015. The motion has been fully briefed.[1] Oral argument was not requested and was not necessary to the Court's decision. For the reasons set forth below, Mr. Wregglesworth's motion will be granted and Mr. Henry's pending motions denied as moot.

### I. Jurisdiction

This Court has jurisdiction over Mr. Henry's 42 U.S.C. § 1983 claim pursuant to its 28 U.S.C. § 1331 federal question jurisdiction.

### II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence

---

[1] Docket 43 (Opp.); Docket 42 (Reply). Plaintiff's opposition was received by the Court before Defendant's reply but was not docketed until directly after the reply was electronically filed.

of a genuine dispute of material fact initially lies with the moving party.[2] If the moving party meets this burden, the non-moving party must present specific evidence demonstrating the existence of a genuine issue of fact.[3] The non-moving party may not rely on mere allegations or denials. It must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[4]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party and draw "all justifiable inferences" in the non-moving party's favor.[5] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[6] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[7] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[8]

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Oracle*, 627 F.3d at 387.

[4] *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[5] *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[6] *Anderson*, 477 U.S. at 248.

[7] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

[8] *Anderson*, 477 U.S. at 249–50 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank*, 391 U.S. at 290).

Case No. 3:13-cv-00208-SLG, *Henry v. Wregglesworth*
Order re Motion for Summary Judgment
Page 2 of 5

### III. Discussion

Mr. Henry's Amended Complaint alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when, on or about September 23, 2013, he was placed in a "dry cell" for 59 hours after a body scan revealed that he might have contraband hidden inside his body. Mr. Henry alleges that he was treated in this manner despite explaining to prison staff that the objects the body scan showed in Mr. Henry's pelvic area were due to Mr. Henry having had surgery, and that he showed prison staff a corresponding surgical scar. Mr. Henry alleges he was released only after four bowel movements and after a nurse confirmed that the objects were the result of surgery. Mr. Henry alleges that Mr. Wregglesworth is the prison official who operated the body scanner and ordered Mr. Henry's placement in the cell.[9]

Mr. Wregglesworth seeks summary judgment on Mr. Henry's claim due to Mr. Henry's failure to exhaust his administrative remedies prior to filing suit. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[10] Accordingly, in order for a prisoner suit to go forward "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[11]

---

[9] Docket 12 (Am. Compl.) at 2–3.

[10] 42 U.S.C. § 1997e(a).

[11] *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Case No. 3:13-cv-00208-SLG, *Henry v. Wregglesworth*
Order re Motion for Summary Judgment
Page 3 of 5

Alaska Department of Corrections Policy 808.03 establishes the prisoner grievance process that Mr. Henry must have exhausted before his suit may move forward in this Court. In summary, a prisoner must initiate a grievance within 30 days of the incident that is the subject of the grievance. If the submitted grievance complies with the policy's requirements, it is assigned to an investigator who reports his findings in writing to the prison Superintendent. The Superintendent issues a decision on the grievance that is routed to the prisoner, who may then appeal to the Director for the Department of Corrections.[12]

Mr. Wregglesworth has submitted prison grievance records for Mr. Henry that show Mr. Henry has filed grievances on January 28, 2002, September 9, 2013, and May 19, 2014.[13] The May 19, 2014 incident is unrelated to this claim and the others predate the incident in question. Because prison records show that Mr. Henry did not file a grievance related to the September 23, 2013 incident, Mr. Wregglesworth asserts that Mr. Henry did not attempt to exhaust his administrative remedies prior to filing suit and accordingly his claims is barred. Mr. Henry's response in opposition does not address whether or not he filed an administrative grievance related to the September 23, 2013 incident.[14] Accordingly, the Court finds that no dispute exists that Mr. Henry did not file an administrative grievance related to the September 23, 2013 incident.

---

[12] *See* Docket 37 (Price Decl.) at 2; *id.* at 5-16 (Policy 808.03).

[13] *Id.* at 4.

[14] *See* Docket 43 (Opp.).

Case No. 3:13-cv-00208-SLG, *Henry v. Wregglesworth*
Order re Motion for Summary Judgment
Page 4 of 5

Mr. Henry may be arguing that filing this lawsuit satisfies his obligation to exhaust administrative remedies.[15] But it is a prisoner's *administrative* remedies within the prison that must be exhausted before suit can be filed, because "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."[16] Prisoners are required to "exhaust prison grievance remedies *before* filing a lawsuit" in order to promote "fewer and better prisoner suits."[17] Because Mr. Henry failed to exhaust his prison grievance remedies before filing this lawsuit, Mr. Wregglesworth is entitled to judgment as a matter of law and the motion for summary judgment will be granted.[18]

Accordingly, IT IS ORDERED that:

1. The motion for summary judgment at Docket 36 is GRANTED;
2. The discovery motions at Dockets 40, 44, 49, and 50 are DENIED as moot; and
3. The Clerk of Court shall enter judgment for Defendant.

DATED this 11th day of May, 2015 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] *See* Docket 43 (Opp.) at 1 ("The plaintiff Timothy Lee Henry submitted a Civil Complaint on January 27, 2013 against B. Wrigglesworth or wregglesworth for cruel and unusual punishment . . . .").

[16] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[17] *Id.* at 203–04 (emphasis added).

[18] *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (proper disposition on failure to exhaust administrative remedies is summary judgment). The Court notes that Mr. Wregglesworth cites to *Wyatt v. Terhune*, 315 F.3d 1119 (9th Cir. 2002) to support his explanation of the proper procedure to be applied here. That case has been expressly overruled by *Albino*.

Case No. 3:13-cv-00208-SLG, *Henry v. Wregglesworth*
Order re Motion for Summary Judgment
Page 5 of 5